Submitted on motion to dismiss April 5, decided May 10 ; rehearing denied June 14, 1910.

## CATLIN v. JONES.

[108 Pac. 633.]

APPEAL AND ERROR—TRANSFER OF CAUSE—SERVICE OF NOTICE OF APPEAL.

1. Section 549, subd. 1, B. & C. Comp., provides that a party to a judgment desiring to appeal may give notice, when the decision is rendered, that he appeals, and the notice shall thereupon be entered in the journal, or, if the appeal is not then taken, the party may serve notice on the adverse party or his attorney, and file the original, with proof of service indorsed thereon, with the clerk of the court in which the judgment is entered. *Held*, that it is the service within the time limited therefor of an adequate notice of appeal on the proper parties that gives the higher court jurisdiction.

APPEAL AND ERROR—TRANSFER OF CAUSE—SERVICE OF NOTICE OF APPEAL —EVIDENCE.

2. The only evidence of the service of a notice of appeal is the record entry of the oral information in open court, or the indorsement on the written notice, though the trial court may, by *nunc pro tunc* order, correct the omission by its clerk to record an oral notice of appeal, and the return of the officer appearing on a notice of appeal, filed with the clerk of the lower court, can be amended so as to make the brief statement of his doings under the process correspond with the facts.

COURTS—JURISDICTION OF SUBJECT-MATTER—CONSENT OF PARTIES.

3. Though jurisdiction of the person may be conferred upon a court by consent, that of the subject-matter cannot be.

APPEAL AND ERROR—TRANSFER OF CAUSE—SERVICE OF NOTICE OF APPEAL —INDORSEMENT SHOWING TIME AND MANNER OF SERVICE—NECESSITY.

4. Under Section 549, subd. 4, B. & C. Comp., providing that when a party in good faith gives due notice of appeal, and thereafter fails through mistake to do any other act necessary to perfect the appeal, the appellate court may permit an amendment or the performance of the act omitted, the giving of proper notice by a party is made a con-. dition precedent to the court's exercise of power to permit a corrective addition, and an indorsement on the notice of appeal, when it is filed, showing the time and manner of service, being an essential statutory requirement, the notice is insufficient without such indorsement, and cannot be corrected. the defect being jurisdictional.

ON MOTION TO DISMISS.

From Marion:   JAMES W. HAMILTON, Judge.

Statement PER CURIAM.

The defendant, S. W. Jones, has undertaken to appeal
from the judgment rendered by the circuit court for
Marion County.   He caused to be served upon and left
with plaintiff's attorneys the original notice of appeal,
with proof of service thereon, and filed with the clerk of
the lower court a copy thereof, without any such indorse-
ment.   An undertaking on appeal was served and filed,
and the transcript sent up.   The plaintiffs have moved to
dismiss the appeal on the ground that the notice is insuffi-
cient.   Application has also been made by them for an
order extending the time 15 days in which to file a brief,
in case this motion is denied, which request has been
acceded to in writing by defendant's counsel.

Mr. John A. Carson and Mr. Thomas Brown for the
motion.

Mr. George G. Bingham and Mr. William H. Holmes
contra.

Opinion PER CURIAM.

1. A party to a judgment, desiring to appeal therefrom,
may give notice in open court or before the judge, at the
time the decision is rendered, that he appeals from the
judgment to the court to which the appeal is sought to be
taken, and the notice shall thereupon, by order of the
court or judge, be entered in the journal.   If the appeal is
not taken at the time the judgment is given, then the
party may cause a notice to be served on the adverse
party, or upon his attorney, and file the original, with
proof of service indorsed thereon, with the clerk of the
court in which the judgment is entered.   Section 549,
subd. 1, B. & C. Comp.   It is the service, within the time
limited therefor, of an adequate notice of appeal on the

proper parties, that gives the higher court power to hear and determine the cause transferred to it.

2. The only evidence of the service of a notice of appeal is the record entry of the oral information given in open court or before the judge, or the indorsement made upon the written notice. The requisite proof cannot be supplied by affidavit or in any other manner. This statement is not intended to deny the power of a trial court, by a *nunc pro tunc* order, to correct the omission by its clerk to record an oral notice of appeal, which failure is not attributable to the appellant, and when the evidence is so supplied it would seem to be the only proof permissible. Nor do we wish to be understood as holding that the return of a sheriff or other officer appearing on a notice of appeal filed with the clerk of the lower court cannot be amended so as to make the brief statement of his doings, under and pursuant to the process, correspond with the facts. In such case, there is a memorandum susceptible to amendment.

An indorsement showing the time and manner of service, is an essential statutory requirement, and must appear on the notice of appeal when it is filed, since an omission thereof cannot be supplied, because the failure is jurisdictional. *Burchell* v. *A. H. Averill Machinery Co.,* 55 Or. 113 (105 Pac. 403).

3. The plaintiff's counsel were undoubtedly aware of the service on them of the notice of appeal, and, if jurisdiction of the subject-matter could be bestowed on this court by consent, their application for an extension of time to file a brief, in case the motion were denied, and the written consent of defendant's counsel to the request, might have waived the defect of filing a mere copy of the notice of appeal, without any proof of service indorsed thereon. Although jurisdiction of the person might be conferred by acquiescence, that of the subject-matter cannot.

4. When a party in good faith gives due notice of an appeal and thereafter fails through mistake, to do any other act, including the filing of an undertaking, necessary to perfect the appeal, the appellate court may permit an amendment, or the performance of the act omitted. Section 549, subd. 4, B. & C. Comp. The giving of proper notice by a party is made by statute a condition precedent to the court's exercise of power to permit a corrective addition, which is limited to the giving of an undertaking, and then only when the party has acted in good faith. *Hanley* v. *Stewart,* 54 Or. 38 (102 Pac. 2.) This case does not come within that rule.

No competent evidence of the "due service" of the notice of appeal exists, and in its absence the appeal is dismissed.

DISMISSED: REHEARING DENIED.