Argued at Pendleton May 2, appeal dismissed July 12, 1927.

## SPOKANE MERCHANTS' ASSOCIATION ET AL. v. W. A. GOLLIHUR ET AL.

(257 Pac. 812.)

**Appeal and Error—Supreme Court Did not Acquire Jurisdiction of Appeal, Where Appellant Failed to File Transcript Within Thirty Days After Perfecting Appeal (Or. L., § 554).**

1. Where appellant did not, within thirty days after appeal was perfected, file transcript with clerk of Supreme Court, as required by Section 554, Or. L., and time was not extended therefor, Supreme Court did not acquire jurisdiction of appeal.

---

1. See 2 R. C. L. 152.

**Appeal and Error—Motion to Dismiss Appeal Involving Supreme Court's Jurisdiction is not Waived (Or. L., § 554).**
2. Motion to dismiss appeal on ground transcript was not filed within thirty days, as required by Section 554, Or. L., involving jurisdiction of Supreme Court, is not waived, and overruling motion with leave to renew merely amounted to continuance of motion for further consideration.

**Appeal and Error—Supreme Court must Dismiss Appeal on Own Motion, When Without Jurisdiction.**
3. Where Supreme Court is without jurisdiction of appeal, it is its duty to dismiss appeal on its own motion, if necessary.

Appeal and Error, 4 C. J., p. 460, n. 13, 14, p. 461, n. 27, p. 463, n. 33, p. 469, n. 6.

From Umatilla: FRED W. WILSON, Judge.

In Banc.

APPEAL DISMISSED.

For appellants there was a brief over the name of *Mr. Thomas Mannix,* with an oral argument by *Mr. I. G. Ankelis.*

For respondents there was a brief over the names of *Messrs. Peterson & Bishop* and *Messrs. Lund & Dodds,* with oral arguments by *Mr. W. M. Peterson* and *Mr. F. H. Dodds.*

BELT, J.—1. In this case the decree of the Circuit Court was rendered May 7, 1926. On June 5th of that year the notice of appeal and undertaking were served and filed. Owing to objections to the sufficiency of the surety, a new undertaking was served and filed June 21, 1926. No objection was taken to the surety on the last undertaking. The appeal, therefore, became perfected five days thereafter, or at the close of the day June 26th. The appellant did not within thirty days thereafter, as required by Section 554, Or. L., file with the clerk of this court any transcript. Nor

does the record disclose any order extending the time in which so to do. The time for making such an order expired thirty days after perfecting the appeal. No transcript was filed here until July 31, 1926. It is clear, therefore, that this court never acquired jurisdiction.

2, 3. On October 8th the respondent moved to dismiss the appeal and affirm the decree. On December 28, 1926, the motion was overruled with leave to renew the same at the hearing. Involving as it does the jurisdiction of this court, it is never waived and the order of December 28th amounts merely to a continuance of the motion for further consideration. The filing of the transcript within the time prescribed by statute or as the same may regularly be extended is jurisdictional. Being without jurisdiction, it is the duty of this court to dismiss the appeal even upon its own motion.

It is so ordered and the appeal is dismissed.

APPEAL DISMISSED.