Submitted on motion to dismiss appeal February 7, appeal dismissed February 14, 1928.

# L. WINTERS ET AL. *v.* J. C. GRIMES ET AL.

### (264 Pac. 359.)

**Appeal and Error—If No Further Action of Court is Required to Dispose of Cause, or if Judgment or Decree Concludes Parties, It is Final and Appealable—"Final Decree" (Or. L., § 548, as Amended by Laws 1923, p. 216).**

1. A judgment or decree is "final" and appealable, under Section 548, Or. L., as amended by Laws of 1923, page 216, if no further action of court is required to dispose of cause, or if it is one which determines rights of the parties so that no further questions can arise before the court rendering it except such as are necessary to be determined in carrying it into effect, or if it is one which concludes parties as respects the subject matter in controversy in the tribunal pronouncing it.

**Appeal and Error—Decree Directing Accounting and Enjoining Transfer of Certain Personalty Held not "Final Decree" and not Appealable (Or. L., § 548, as Amended by Laws 1923, p. 216).**

2. Decree reciting that plaintiffs are entitled to an accounting, *ordering* defendants to produce at time and place designated all of their books, records and other documents so that an accounting may be rendered, requiring defendants to account for moneys received by them in which plaintiffs had a right to an accounting, and enjoining them from assigning, transferring or disposing of certain property in which plaintiffs are alleged to have an interest, *held* not a "final decree" and therefore not appealable, under Section 548, Or. L., as amended by Laws of 1923, page 216.

**Appeal and Error—In Passing on Motion to Dismiss Appeal, Supreme Court cannot Consider Merits.**

3. In passing on a motion to dismiss appeal, the Supreme Court has no authority to consider the merits of the case.

**Pleading—Defenses not Set Forth in Answer are Waived.**

4. Under the Code, defendant can make out but one defense on the merits, and is required to set forth in his answer all defenses on which he intends to rely, or such defenses are waived, and he cannot first interpose answer containing only a plea in bar and thereafter, if unsuccessful, file another answer and obtain another trial in respect to matters alleged in complaint.

---

1. What are final and interlocutory judgments, see note in 60 Am. Dec. 427. See, also, 2 R. C. L. 40.

2. See 2 R. C. L. 41.

4. See 21 R. C. L. 534, 540.

Pleading—"Plea in Bar" is Answer to Merits and Denies Existence
of Any Cause of Action, and "Plea in Abatement" Merely
Delays Right to Sue by Defeating Particular Action.

5. "Plea in bar" is answer to merits and denies that defend-
ant has any cause of action, and, if the matter pleaded in bar is
sufficient in law and is proved in fact, it bars plaintiff from
maintaining any action or suit at any time in respect of the
supposed cause of action or suit; but a "plea in abatement" only
delays the right to sue by defeating a particular action, and, in
absence of statute, is waived, if not pleaded before answering to
merits.

Appeal and Error, 3 **C. J.,** p. 438, n. 25, p. 443, n. 59.  4 **C. J.,**
p. 602, n. 33.
Pleading, 31 **Cyc.,** p. 127, n. 57, p. 143, n. 73.

From Multnomah: W. A. EKWALL, Judge.

In Banc.

APPEAL DISMISSED.

For the motion, *Messrs. McGuirk & Schneider* and
*Messrs. Butler & Jack.*

*Contra, Messrs. Schuebel, Beattie & Miller.*

RAND, C. J.—This is a motion to dismiss an ap-
peal upon the ground that the decree appealed from
is an interlocutory and not a final decree within the
meaning of the appeal statute. Section 548, Or. L.,
as amended by Chapter 153, Laws of 1923, provides:

"A judgment or decree may be reviewed on appeal
as prescribed in this chapter and not otherwise. An
order affecting a substantial right, and which in effect
determines the action or suit so as to prevent a judg-
ment or decree therein, or an interlocutory decree in
a suit for the partition of real property, defining the
rights of the parties to the suit and directing sale or
partition, or a final order affecting a substantial
right, and made in a proceeding after judgment or
decree, or an order setting aside a judgment and

5.  See 21 **R. C. L.** 540, 545.

granting a new trial, for the purpose of being reviewed on appeal, shall be deemed a judgment or decree, but no appeal to the supreme court shall be taken or allowed in any action for the recovery of money or damages only unless it appears from the pleadings in the case that the amount in controversy exceeds $250.''

The 1923 amendment merely added a limitation to the right of appeal by providing that no appeal shall be taken to the Supreme Court in any action for the recovery of money or damages unless it appears from the pleadings that the amount in controversy exceeds $250. With that exception, there is no change in the meaning of the statute and, hence, the construction placed upon the statute prior to the amendment must be followed in all cases involving the question of whether the order, judgment or decree appealed from is final.

1. The statute authorizes an appeal from ''an interlocutory decree in a suit for the partition of real property, defining the rights of the parties to the suit and directing sale or partition.'' With this exception, the statute prohibits an appeal from any interlocutory decree and, from this, it follows that, unless the decree appealed from is a final decree within the meaning given to that word by the former decisions of this court and not interlocutory, this appeal must be dismissed. One of the tests in determining whether a judgment or decree is final is: ''If no further action of the court is required to dispose of the cause, it is final.'' Other tests are: Is the order or decree one which determines the rights of the parties so that no further questions can arise before the court rendering it, except such as are necessary to be determined in carrying it into effect, or is the judgment or decree ''one which concludes the parties as

regards the subject-matter in controversy in the tribunal pronouncing it"? This question has been so fully considered and decided with such finality that anything more than a mere citation of authorities could add nothing to what has been previously said by this court. See *Basche* v. *Pringle,* 21 Or. 24 (26 Pac. 863); *State* v. *Security Sav. & T. Co.,* 28 Or. 410 (43 Pac. 162); *State* v. *Downing,* 40 Or. 309 (58 Pac. 863, 66 Pac. 917); *Marquam* v. *Ross,* 47 Or. 374 (78 Pac. 698, 83 Pac. 852, 86 Pac. 1); *Sears* v. *Dunbar,* 50 Or. 36 (91 Pac. 145); *La Grande* v. *Portland Public Market,* 58 Or. 126 (113 Pac. 25); *Anderson* v. *Harju,* 113 Or. 552 (233 Pac. 848).

2. A mere examination of the decree appealed from in the instant case shows that it is not a final decree and, hence, not a decree from which an appeal can be taken. It expressly declares that plaintiffs are entitled to an accounting from the defendants and orders them to produce at the time and place designated therein all of defendants' books, records and other named documents, so that an accounting may be rendered to plaintiffs, and requires defendants to account to plaintiffs for moneys received by them in which plaintiffs have a right to an accounting, and enjoins defendants from assigning, transferring or in any way disposing of certain specified articles of personal property in which plaintiffs are alleged to have an interest. There were, therefore, no grounds for this appeal. The decree was purely interlocutory and not in any sense final.

3, 4. Appellant's abstract of record contains certain matter which is assigned as error and which could only be considered if the decree appealed from had been a final decree. In passing upon a motion to dismiss an appeal, this court has no authority to consider the merits of the case: *Sears* v. *Dunbar,* 50 Or.

36 (91 Pac. 145). So, if there was error, it can only be corrected upon an appeal from some final order or decree of the lower court which concludes the appealing defendant in respect to the subject-matter of the litigation. But, since this appeal must be dismissed and the subject-matter of the litigation will have to be finally determined in the court below, we deem it our duty to call attention to the fact that, under our Code, the defendant can make but one defense upon the merits and is required to set forth in his answer all defenses upon which he intends to rely, or otherwise such defenses are waived. The rule is as stated in Bliss on Code Pleading, third edition, Section 345: "The Code requires the defendant either to demur or answer, and in his answer he is allowed to set up as many defenses as he may have. Only one answer is contemplated, and all the defenses which he elects to make must be embraced within it."

5. The answer in the instant case contains what is termed a "plea in bar" and a decree was entered which held the plea to be bad and required the defendants to account to plaintiffs, at a time and place stated, and on its face showed that it was not a final decree from which an appeal could be taken. Evidently the appellant proceeded upon the theory that he had a right to first set up this plea and if it was not found to be a bar to plaintiffs' right of recovery, to file another answer and obtain another trial in respect to the matters alleged in the complaint. Such a practice is unknown to our Code. A plea in bar, unlike a plea in abatement, is an answer to the merits. A plea in abatement only delays the right to sue by defeating the particular action, and unless the statute provides otherwise, it is waived if not pleaded before answering to the merits. A plea in

bar, however, denies that plaintiff has any cause of action or suit, and if the matter pleaded in bar is sufficient in law and is proven in point of fact, it results in barring the plaintiff from maintaining any action or suit at any time, either present or future, in respect of his supposed cause of action or suit. However, if the defendant has any other defense upon which he intends to rely, except that pleaded in bar, that defense must, under our Code, be separately stated and pleaded in the same answer and all of such defenses must be tried and disposed of at the same trial. Such defenses, whether pleaded in bar or otherwise, all go to the merits and do not entitle the defendant to more than one trial. Appeal dismissed.                                    DISMISSED.