Argued January 14; appeal dismissed April 14, 1931

# MUELLHAUPT *v.* JOSEPH A. STROWBRIDGE ESTATE CO. ET AL.

(298 P. 186)

*John F. Logan* and *Isham N. Smith,* both of Portland, for appellants.

*James W. Crawford* and *J. P. Kavanaugh,* both of Portland (Bowerman & Kavanaugh, of Portland, on the brief), for respondents.

KELLY, J. The order, from which an appeal in this case is sought to be prosecuted, is as follows:

"Decree

"(Omitting the title of the court and cause):

"At this time this cause comes on for consideration, and the court having heretofore heard the evidence and arguments and having considered the briefs of the attorneys for the respective parties, and being now fully advised, renders the following decree:

"It is hereby ordered, adjudged and decreed that Security Savings and Trust Company, a corporation, of Portland, Oregon, be, and it is hereby appointed receiver of the defendant corporation, to wit: The Joseph A. Strowbridge Estate Company, said receivership to continue until the further order of this court; and

"It is further ordered, adjudged and decreed that said receiver shall not have power or authority to sell, or otherwise dispose of any of the assets of said corporation, except upon a further order of this court; and

"It is further ordered, adjudged and decreed that the defendants render into this court a true and full accounting of all transactions of said corporation and have Alex C. Rae accept figures previously compiled and submitted by Arch J. Tourtelette, consolidate such figures with his own findings and bring the accounting down to November 5, 1929, at which date the assets of the defendant corporation will be turned over to said receiver. That upon such accounting being rendered, the plaintiff may object to the same or any part thereof.

"It is further ordered, adjudged and decreed that the plaintiff shall recover her costs and disbursements in this suit.

"Dated this 1st day of November, 1929.

"Walter H. Evans,
"Circuit Judge."

Defendants, who are the appellants herein, urge that the foregoing order is an appealable order.

Their first ground for this position is that the order in question is void. Two reasons are assigned in support of that contention:

1st. Attention is called to the fact that there are two suits between these parties; that in the complaint in the companion case to this one allegations are made strikingly similar to those appearing in the complaint upon which this case has been presented; that both of these cases were heard in the lower court at the same time and upon the same testimony, and that the companion case was decided by the circuit court in defendants' favor. Upon these facts defendants claim that the equities were decided in favor of defendants herein, and therefore the court was powerless to appoint a receiver in either or both cases for want of equity in plaintiff's suits.

2d. It is asserted that the corporation is a solvent going concern and therefore the court had no jurisdiction to appoint a receiver under either the statutory or general equity powers.

Defendants' second ground in support of their contention, that the order is appealable, is based upon the claim that it is a final order affecting a substantial right and depriving the corporate directors of their powers to administer corporate functions.

■ As to the first point, the trial of two cases upon the same testimony does not necessarily render the final order in one case res adjudicata in the other. In order to do so, the issues must be the same, and the parties affected must be the same. In the companion case to this one a demurrer of the corporation

to the third amended complaint was sustained and as to such corporation the case was dismissed. In the case at bar, the corporation answered and the hearing was had upon the issues joined in the complaint of plaintiff and the answers of the defendants. The issues tendered in the third amended complaint in such companion case were not the same as those tendered in the case wherein the order first herein set forth was made. It is true that the alleged fraudulent inducement to surrender plaintiffs stock is pleaded in both cases and also the allegedly wrongful distribution of assets prior to July 23, 1925; but the taking of the $15,395.62 demand note from A. B. Strowbridge, the alleged transaction with Fred A. Jacobs Company or the Jacobs-Stein Company, wherein an alleged loss of more than $25,000 is set forth, that an examination of the books of defendant will reveal other and greater irregularities, fraud, corruption and mismanagement and the alleged wrongful distribution of the capital assets of the corporation since July 23, 1925, are not incorporated in the third amended complaint in said companion case.

■ The right to appoint a receiver in this case is based upon the jurisdiction of a court of equity to give adequate relief. If the court is without jurisdiction in equity over a corporation at the suit of a stockholder, or, if there is no equity in plaintiff's suit, the order is void.

"It is now no longer doubted, either in England or the United States, that courts of equity, in both, have a jurisdiction over corporations, at the instance of one or more of their members; to apply preventive remedies by injunction, to restrain those who administer them from doing acts which would amount to a violation of charters, or to prevent any misapplication of

their capitals or profits, which might result in lessening the dividends of stockholders, or the value of their shares, as either may be protected by the franchises of a corporation, if the acts intended to be done create what is in the law denominated a breach of trust": *Dodge v. Woolsey,* 18 How. 331 (15 L. Ed. 401) ; *Hawes v. Oakland,* 104 U. S. 450 (26 L. Ed. 827).

■ In a proper case the power to appoint a receiver is necessarily inherent in a court of equity. This power is not conferred by statute, but exists independently of it: *Wm. H. Taylor Corp. v. Oregon L. & T. Co.,* 116 Or. 440 (241 P. 388).

■ Plaintiff alleges that she and the individual defendants are the sole stockholders in defendant corporation; that she was fraudulently induced to part with certain shares of corporate stock by said individual defendants, which stock was then reissued to the individual defendants respectively; that over plaintiff's protest, at a meeting of the board of directors of defendant corporation, said individual directors adopted a resolution purporting to accept from defendant Alfred B. Strowbridge his promissory note in the sum of $15,395.62, bearing no interest, in settlement of an additional embezzlement; that there had accumulated to the credit of said corporation an undistributed surplus in a sum exceeding $20,000, the exact amount of which is to plaintiff unknown, and in which plaintiff was entitled to participate on the basis of the stock then standing in her name; that the existence of this undistributed surplus was known to said defendants, but was unknown to plaintiff and was kept secret from plaintiff by said defendant with the intent to falsely and fraudulently induce plaintiff to part with her said stock and then to distribute the said surplus after the

surrender of said stock on the basis of each stockholder holding 37½ shares instead of distributing to plaintiff her equitable share thereof; and thereafter, without the knowledge or consent of plaintiff and while plaintiff was traveling in Europe, said defendants distributed assets that had accumulated to the credit of said corporation on the basis of the stock ownership after said surrender and reissue. That the assets so distributed exceeded $27,000.

Plaintiff also alleges that since July 23, 1925, defendants have made several separate distributions of the capital assets of said corporation to all of the stockholders based upon the alleged ownership of each stockholder of capital stock in the amount of 37½ shares each; that such distributions have been made during the pendency of a suit, the purpose of which is to secure the transfer to plaintiff of an additional 37½ shares of the corporate stock and for a distribution and accounting of assets, and that such distributions have been made over the protest of plaintiff, exceeding since April 25, 1923, the sum of $86,000, of which sum $14,000 has been distributed since the filing of said suit; that such distributions are depleting, diverting and dissipating the interest and property of plaintiff, and if continued plaintiff will be unable to recover her just portion upon an accounting in this suit. That the individual defendants are in complete control and management of said corporation.

In the companion case, this court has held that plaintiff is entitled to 46⅞ shares of the corporate stock. Under this state of the record, the order appointing a temporary receiver is not void.

■ We can not concur in defendants' contention that the order is a final order. In the case of *Winters et al. v. Grimes et al.*, 124 Or. 214, 216 (264 P. 359), Mr. Chief Justice RAND says:

"One of the tests in determining whether a judgment or decree is final is: 'If no further action of the court is required to dispose of the cause, it is final.' Other tests are: Is the order or decree one which determines the rights of the parties so that no further questions can arise before the court rendering it, except such as are necessary to be determined in carrying it into effect, or is the judgment or decree 'one which concludes the parties as regards the subject-matter in controversy in the tribunal pronouncing it?' "

By both of these tests the order in suit is not a final order.

For the reasons above stated, the appeal is dismissed. It is ordered that respondent recover her costs and disbursements on appeal.

ROSSMAN, J., did not participate.