Submitted on motion to dismiss the appeal November 10; appeal dismissed November 22, 1932

FROMAN ET AL. (DUVALL, INTERVENER) *v.*
JONES ET AL.

(16 P. (2d) 21)

*Hallock, Donald & Banta,* of Baker, for the motion.

*Gallagher & Gallagher* and *Geo. B. Guthrie,* all of Portland, for respondents F. J. Froman and Bernice Platt.

*Robert D. Lytle,* of Vale, and *Chas. W. Ellis,* of Burns, opposed.

BEAN, C. J. Respondents and intervening plaintiff move to dismiss this appeal for the reason that the decree entered in the circuit court is not appealable under section 7-501, Oregon Code 1930, but is interlocutory and not a final order or decree from which an appeal may be taken.

■■ This is a suit to require an accounting of one-half the residuary estate of William Jones, deceased, based upon the allegation that the defendant James Jones is a trustee *ex maleficio* of that certain portion of an estate which he promised and agreed to hold in trust for Forrest Jones. A decree was rendered adjudging the defendant James Jones, personally and as executor of the last will and testament of William Jones, deceased, to be trustee for the use and benefit of the estate of Forrest Jones, deceased, and as such trustee charged with one-half interest in all the residuary estate of William Jones, under his last will and testament in all properties of the estate and the use therefrom from the date of the death of said William Jones, and ordering that said James Jones account to F. J. Froman, as administrator with the will annexed of the estate of Forrest Jones, deceased, for the benefit of said estate and to the minor children, legatees and devisees under the estate of Forrest Jones, such accounting to be made forthwith, and enjoining defendant James Jones from disposing of any of the properties pending the determination and settlement of said account, and further adjudging that plaintiffs and plaintiff by intervention, Nettie Duvall, guardian of the person and estate of Alice Annette Jones, ''be and

they are hereby entitled to their costs and disbursements herein expended, to be taxed at the conclusion of the accounting hereinabove ordered.''

Section 7-501, Oregon Code 1930, provides:

''A judgment or decree may be reviewed on appeal as prescribed in this chapter and not otherwise. An order affecting a substantial right, and which in effect determines the action or suit so as to prevent a judgment or decree therein, or an interlocutory decree in a suit for the partition of real property, defining the rights of the parties to the. suit and directing sale or partition, or a final order affecting a substantial right, and made in a proceeding after judgment or decree, or an order setting aside a judgment and granting a new trial, for the purpose of being reviewed on appeal, shall be deemed a judgment or decree * * *.''

A reading of the decree in the case in hand clearly shows that it is an order affecting a substantial right of the defendant. But it does not appear from such decree that in effect it determines the suit so as to prevent a decree therein, but, on the other hand, plainly indicates that a further decree is necessary to determine the issues between the parties. Even the taxation of costs is postponed until the matter of accounting is disposed of. Our statute in this respect seems to be plain. There is but one kind of interlocutory decree in a suit from which the statute authorizes an appeal, namely, an interlocutory decree in a suit for the partition of real property defining the rights of the parties to the suit and directing a sale or partition.

Applying the rule *inclusio unius est exclusio alterius* it is clear that no other interlocutory decree is appealable. The question involved, as we view it, was so thoroughly discussed not long ago by Mr. Chief Justice RAND in the case of *Winters v. Grimes,* 124 Or. 214 (264 P. 359), that very little further need be said. The

only contention in the case at hand is as to the finality of the decree. As said in *Winters v. Grimes,* supra, page 216:

"One of the tests in determining whether a judgment or decree is final is: 'If no further action of the court is required to dispose of the cause, it is final.' Other tests are: Is the order or decree one which determines the rights of the parties so that no further questions can arise before the court rendering it, except such as are necessary to be determined in carrying it into effect, or is the judgment or decree 'one which concludes the parties as regards the subject-matter in controversy in the tribunal pronouncing it?' "

It cannot be said in the case in hand that no further action of the court is required, but it plainly appears that further action is required to dispose of the cause and finally settle the rights of the parties.

Doubtless when the matter of accounting by James Jones personally and as executor of the last will and testament of William Jones, deceased, to F. J. Froman, as administrator with the will annexed of the estate of Forrest Jones, deceased, for the benefit of said estate and to the minor children mentioned, shall be fully determined and settled by the circuit court, then the parties hereto, if aggrieved, will have the right to have the whole decree reviewed by this court upon appeal. That part of the decree declaring the defendant James Jones, personally and as executor, to be a trustee, as set forth in the decree, as well as the decree finally determining the matter of account, can then be reviewed.

The question of the finality of a decree from which an appeal may be taken was considered by this court in *Anderson v. Harju,* 113 Or. 552 (233 P. 848) ; see cases

therein cited and discussed; see also *Talbot & Casey v. Simon,* 136 Or. 74 (298 P. 644).

Counsel for appellant cites and relies upon *Marquam v. Ross,* 47 Or. 374 (78 P. 698, 83 P. 852, 86 P. 1). That case was cited in the case of *Winters v. Grimes,* supra, and it was not considered to be in conflict with the ruling in the latter case. After a careful examination of the opinion in *Marquam v. Ross,* we see no conflict between the final determination in that case and in the enunciation in *Winters v. Grimes,* supra. Moreover, the case of *Winters v. Grimes* has been cited and approved in the case of *Muellhaupt v. Strowbridge,* 136 Or. 99 (298 P. 186).

The right of appeal is statutory and the procedure is governed by the statute. Therefore, the cases from other states, where the statutes vary slightly, are of little assistance.

According to the weight of authority, if, in a suit, a reference is made for a judicial purpose or for an accounting between the parties upon which a further decree is to be entered, the decree is merely interlocutory and an appeal will not lie until after the final decree: 3 C. J. 449, section 259; see also section 266.

It follows that the motion to dismiss the appeal must be allowed. It is so ordered.