SEELEY v. BAPTIST MINISTERS' AID SOCIETY.

1. APPEAL AND ERROR—CERTIFICATE AS TO AMOUNT INVOLVED—LEAVE
   TO APPEAL—DISMISSAL OF PETITION TO DISCHARGE A MORTGAGE.
      In the absence of a certificate by trial judge stating that amount
      involved is more than $500, leave to appeal must be procured
      in order to review dismissal of statutory petition to discharge
      a mortgage, such dismissal in effect being a final judgment
      (Court Rule No. 60, § 1 [1933]).
2. COSTS—DISMISSAL OF APPEAL—MOTION TO DISMISS.
      No costs are allowed appellee where appeal is dismissed with-
      out his having filed a motion therefor.

Appeal from Genesee; Elliott (Philip), J.   Sub-
mitted April 10, 1942.   (Docket No. 58, Calendar
No. 41,246.)   Decided June 10, 1942.   Rehearing
denied September 8, 1942.

Petition by Oscar Seeley and Alice M. Seeley
against Baptist Ministers' Aid Society, a Michigan
corporation, for certificate of discharge of a mort-
gage.   Petition   dismissed.   Plaintiffs   appeal.
Affirmed.

*Walter C. Jones* and *Maurine L. Jones,* for plain-
tiffs.

*Brownell & Gault* (*Morris Zwerdling,* of counsel),
for defendant.

STARR, J.   Plaintiffs filed petition under 3 Comp.
Laws 1929, § 14403 (Stat. Ann. § 27.1187), on the
law side of the court, for a certificate of discharge
of a real estate mortgage.   Defendant filed motion
to dismiss such petition and the court entered an

order dismissing the same.   On May 21, 1940, plaintiffs filed claim of general appeal from such order.

In its brief defendant contends that plaintiffs' appeal should be dismissed because, in the absence of a certificate by the trial court that the controversy actually involved more than $500, plaintiffs could not appeal without first obtaining leave from this court.   Court Rule No. 60, § 1 (1933), provides, in part:

"Leave to appeal to the Supreme Court shall be required only in the following cases:

"(a)   Where such leave is expressly required by statute or rule;   *   *   *

"(d)   Where, in an action at law submitted on the facts to court or jury, a judgment is rendered for the defendant, unless the trial judge shall certify that the controversy actually involves more than $500."

The present case is an action at law; it was submitted on the facts to the trial court; and the order dismissing plaintiffs' petition was, in effect, a final judgment for the defendant.   The record does not contain a certificate by the trial judge that the controversy actually involved more than $500.

No application for leave to appeal having been filed, and no leave having been granted, the appeal is dismissed.

However, we have examined the records and briefs and are convinced that, if plaintiffs' appeal were considered on its merits, they could not succeed.

The defendant not having filed motion for such dismissal, no costs will be allowed.


CHANDLER, C. J., and BOYLES, NORTH, BUTZEL, and BUSHNELL, JJ., concurred with STARR, J.   SHARPE, J., concurred in the result.   WIEST, J., took no part in this decision.