Argued April 16; appeal dismissed April 22; objections to cost bill sustained May 20, 1947

## ROBERTSON *v.* HENDERSON
(179 P. (2d) 742)

*S. J. Bischoff,* of Portland, for appellant.

*F. M. DeNeffe,* of Portland (with Jay Bowerman, of Portland, on brief), for respondent.

Before ROSSMAN, Chief Justice, and LUSK, BELT, BAILEY, HAY and WINSLOW, Justices.

BAILEY, J. This is a suit for an accounting. The amended complaint alleges that prior to June, 1931, the defendant had obtained a lease on certain land in the vicinity of the city of Reno, Nevada, upon which he intended to erect two auto camps, a store and gas station and install therein appropriate equipment, and that during the month of June, 1931, the defendant and plaintiff entered into a verbal agreement wherein it was mutually agreed that defendant was "to furnish all money and equipment which might be required to erect and install all buildings and equipment which he might desire to erect and install in connection with said auto camps, store and gas station and plaintiff agreed to supervise the construction and installation of such auto camps, store and gas station, and to look after the purchasing of materials therefor, with the exception of the purchasing and installing of the heating system for said auto camps."

The amended complaint further alleges that the plaintiff "performed all services which he was obligated to perform under said agreement"; that the auto camps, store and gas station were completed and that defendant has since the completion thereof had the full and exclusive handling, control and operation thereof and has refused to "render an accounting to plaintiff of all monies received and expended by" him.

The answer puts in issue all the material allegations of the amended complaint.

A trial was had at which evidence was introduced on behalf of both plaintiff and defendant. Findings of fact were made and entered, and based thereon the court entered the following decree:

" * * * it is now, therefore, here Considered, Ordered, Adjudged and Decreed by the Court, as follows:

"1. That the defendant herein be, and he hereby is, required and ordered to forthwith render to the plaintiff in the above entitled court and suit, a full and complete accounting of all moneys received and expended by him, and of all leases made by him of any property belonging to and connected with said enterprise, and of all properties disposed of, and now on hand, belonging to and connected with said enterprise, and of all other matters and things connected with and pertaining to said enterprise, under said agreement between plaintiff and defendant; and it is further ordered that defendant be, and he is hereby, required and ordered to forthwith make a full discovery and disclosure in this court of all of the facts and of all of his acts and doings under said agreement in connection with said enterprise, which may be necessary to show the amount of net profits, if any, which have been realized or which will be realized in connection with said enterprise."

Defendant has attempted to appeal from this decree. The question whether it is a final or interlocutory decree was suggested from the bench during the oral argument in this court. We shall now direct our attention to that matter.

It is contended by defendant that such decree is final and appealable, and in support thereof he relies on *Lyon v. Mazeris*, 170 Or. 222, 132 P. (2d) 982. We do not concur with his views as to the finality of the decree. In our opinion this case is governed by *Winters v. Grimes*, 124 Or. 214, 264 P. 359; *Muellhaupt v. Strow-*

*bridge Estate Co.,* 136 Or. 99, 298 P. 186, and *Froman v. Jones,* 141 Or. 42, 16 P. (2d) 21, and not by *Lyon v. Mazeris.* In the latter case this court said:

"The main object of the instant suit [Lyon v. Mazeris] was to have the plaintiff declared the owner of the real and personal property in litigation. The decree appealed from was a final determination as to such ownership. And upon the court's adjudging that the plaintiff was the owner an accounting by the defendants followed as an incident to that determination. Inasmuch as the rights of the parties in the property were adjudicated, nothing further remained to be done by the court to carry the decree into effect so far as concerned the ownership and possession of the real and personal property. The decree effected a transfer of the title to the real property to the plaintiff, in the event that Emigrant Creek Land Company did not, as ordered by the court, within fifteen days from the date of such decree, execute and deliver to the plaintiff a conveyance of such property."

It is pointed out in *Lyon v. Mazeris,* supra, that:

"The decree in Froman v. Jones, supra, did not describe or specify the trust property otherwise than as a half interest in the residuary estate of William Jones, deceased. It did not order that the trustee convey any real property or provide that on his failure so to do, the decree should stand in lieu of a conveyance. Nor did it require the trustee to deliver any personal property to the administrator of the estate of Forrest Jones, deceased. In fact, the property to which that estate was entitled and the amount thereof could not be determined until after an accounting was had."

From the two excerpts last quoted the distinction between the decrees appealed from in the Lyon and Froman cases is apparent. In the Lyon case it was held

that the decree was final and appealable, while in the Froman case it was held that the decree was interlocutory and not appealable.

The following quotation from *Winters v. Grimes,* supra, is pertinent to the matter now under consideration and, in our opinion, is decisive of the question here involved:

"A mere examination of the decree appealed from in the instant case shows that it is not a final decree and, hence, not a decree from which an appeal can be taken. It expressly declares that plaintiffs are entitled to an accounting from the defendants and orders them to produce at the time and place designated therein all of defendants' books, records and other named documents, so that an accounting may be rendered to plaintiffs, and requires defendants to account to plaintiffs for moneys received by them in which plaintiffs have a right to an accounting, and enjoins defendants from assigning, transferring or in any way disposing of certain specified articles of personal property in which plaintiffs are alleged to have an interest. There were, therefore, no grounds for this appeal. The decree was purely interlocutory and not in any sense final."

*Muellhaupt v. Strowbridge Estate Co.,* supra, was a suit for an accounting and the appeal therein, on the authority of *Winters v. Grimes,* supra, was dismissed for the reason that the decree, which appointed a receiver and ordered the defendants to render an accounting, was not final.

■■■ The right to appeal is controlled by § 10-801, O. C. L. A. Jurisdiction on the supreme court can not be conferred by consent, agreement or waiver of the parties litigant. *Liimatainen v. State Industrial Accident Commission,* 118 Or. 260, 277, 246 P. 741; *Catlin*

*v. Jones,* 56 Or. 492, 108 P. 633; 15 C. J., Courts, 802, § 101. When want of jurisdiction appears at any stage of the proceedings it is the duty of the court, on its own motion, to refuse to proceed further. *Ehrstrom v. Baum,* 159 Or. 299, 79 P. (2d) 991; *Spokane Merchants' Assn. v. Gollihur,* 122 Or. 146, 257 P. 812; *Dippold v. Cathlamet Timber Co.,* 98 Or. 183, 188, 193 P. 909, and authorities therein cited.

The decree is interlocutory and "not in any sense final." The appeal is therefore dismissed.

Objections to cost bill sustained May 20, 1947

ON OBJECTIONS TO COST BILL

BAILEY, J.  Respondent's statement of his costs and disbursements includes the following items: Transcript of testimony, $67.20; printing respondent's brief, $206.25; filing fee, $10.00; and prevailing party fee, $15.00. The appellant objects to the item of $67.20 on the ground that the appellant, in taking his appeal, had filed a complete transcript of the testimony with the clerk of this court as a part of the record on appeal and that no transcript of testimony had been filed by the respondent.

■ The transcript of testimony must constitute a part of the record on appeal before the expense thereof can be allowed. *Bell v. Spain,* 110 Or. 114, 135, 222 P. 322, 223 P. 235; *McGowan v. City of Burns,* 172 Or. 63, 77, 137 P. (2d) 994, 139 P. (2d) 785. As respondent's transcript is not a part of the record, appellant's objection to this item is sustained.

Appellant asserts that it would be inequitable for this court to allow the respondent any costs or disbursements, and especially the cost of printing his brief, on

the ground that the appeal was dismissed by the court *sua sponte* and not on motion of respondent. It is argued by the appellant that respondent could have avoided the cost of printing his own brief and could have saved the appellant the expense of printing his abstract of record and brief had he challenged the jurisdiction of this court immediately after the filing of the transcript. This being an equity suit, appellant requests this court, in the exercise of its discretion, because of the peculiar circumstances here involved, to disallow costs and disbursements to the respondent.

The attempted appeal was from an interlocutory decree which ordered the defendant "to render to the plaintiff in the above entitled court and suit, a full and complete accounting of all moneys received and expended by him * * *." It was dismissed on the authority of three fairly recent decisions of this court, which are cited in the former opinion, holding that such a decree is interlocutory and not appealable. Appellant was at fault in attempting to appeal from such decree. Respondent tacitly conceded the jurisdiction of this court and was apparently as anxious, on account of convenience, as was the appellant to have the correctness of the interlocutory decree determined before an accounting was rendered.

██ Awarding of costs on appeal in an equity suit is within the discretion of the court and they should be allowed or denied according to the justice of each case. On the factual situation here presented it would not be consonant with justice to allow costs to either party. *Columbia Nat. Sand Dredging Co. v. Morton,* 28 App. D. C. 288, 310, 8 Ann. Cas. 511, 519, 7 L. R. A. 114; see also in this connection *Seeley v. Baptist Ministers' Aid Society,* 302 Mich. 199, 4 N. W. (2d) 517;

*Ideal Furnace Co. v. International Molders' Union,* 204 Mich. 311, 169 N. W. 946; *Meeks v. Leach,* 91 Ill. 323; *In re Bonime's Will,* 265 App. Div. 964, 38 N. Y. S. (2d) 960.

The appellant's objections to respondents cost bill are sustained. Neither party will be allowed costs in this court.