Argued October 25, 1954, appeal dismissed March 2, 1955

## McEWEN ET UX. *v.* McEWEN ET AL., TURNBULL, EXECUTOR

280 P. 2d 402

P. J. *Gallagher,* Ontario, argued the cause for appellants. On the briefs were Gallagher & Gallagher, Ontario.

*Harold Banta,* Baker, argued the cause for plaintiffs-respondents. On the briefs were Lytle, Kilpatrick & Schroeder, Vale, and Hallock, Banta, Silven & Horton, Baker.

*E. Otis Smith,* Ontario, argued the cause and filed a brief for defendant-respondent.

Before LATOURETTE*, Chief Justice, and WARNER**, LUSK, BRAND, TOOZE and PERRY, Justices.

PER CURIAM.

This is a proceeding for a declaratory judgment to determine the existence and extent of an alleged partnership, for a dissolution of the partnership and an accounting, and for other equitable relief, brought by William M. McEwen and Eleanor McEwen, his wife,

---

\* Chief Justice when case was argued.
\*\* Chief Justice when decision was rendered.

as plaintiffs, against James M. McEwen and Jamima McEwen, his wife, Walter T. McEwen, and James L. Turnbull, as Executor of the estate of Thomas Turnbull, deceased, as defendants. The trial court entered an interlocutory decree in favor of plaintiffs and defendant James L. Turnbull, as Executor of the estate of Thomas Turnbull, deceased. Defendants James M. McEwen and Jamima McEwen, his wife, and Walter T. McEwen appeal.

Plaintiff William M. McEwen and defendant James M. McEwen are brothers, and their respective wives are sisters and nieces of Thomas Turnbull, deceased. Walter T. McEwen is the son of James M. and Jamima McEwen.

In the year 1918 William M. McEwen and his brother James M. McEwen entered into a partnership involving land and livestock. Their farming and livestock operations were conducted under this partnership arrangement until the early days of September, 1939, at which time the sheep and the cash were divided equally between the partners but there was no settlement or adjustment of the cattle, horses and land transactions.

In the meantime, and while these brothers were operating as partners, Thomas Turnbull, on February 19, 1935, contracted to sell them approximately 13,640 acres of land, including a 320-acre tract known as the Swamp Creek ranch.

On October 25, 1939, Thomas Turnbull conveyed the 320-acre Swamp Creek ranch to the defendant Walter T. McEwen. This conveyance was without consideration, and in truth in trust for certain purposes unnecessary to detail herein. The contract between Thomas Turnbull and the McEwen brothers was in full force

and effect; in fact, it was in full force and effect at the time of the hearing of this suit.

In their complaint in this suit, plaintiffs prayed for a decree setting aside the afore-mentioned conveyance to defendant Walter T. McEwen and for an accounting to the partnership for the rents and profits thereof while said Walter T. McEwen was in possession of the same.

A trial was had upon the issues made by the pleadings of the respective parties. The transcript of the evidence and proceedings upon the trial consist of 1,440 typewritten pages, together with a large number of exhibits. On August 19, 1953, the trial court entered a "Judgment and Decree establishing rights, status and legal relations," as follows:

"I. That since October 25th, 1939, when the defendant Walter T. McEwen received from Thomas Turnbull, a deed covering the West half of the northeast quarter, the south half of the northwest quarter and the southwest quarter of Sec. 34, Twp. 25 South, Range 37, East, W.M. in Malheur County, Oregon, he has been occupying the same under a dry trust and has no beneficial or equitable interest therein or thereto. That said land constitutes the property of the Thomas Turnbull estate and is subject to all of the terms and provisions of the contract of February 1935, wherein plaintiff William M. McEwen and defendant James McEwen agreed to purchase from Thomas Turnbull certain land therein described, for the consideration therein set forth; that although certain delinquencies in the installment payments of the purchase price of said land under said contract have occurred, no notice of forfeiture or default has ever been communicated to the said William M. McEwen or the said James M. McEwen; that said contract is still outstanding in full force and effect; that certain payments have been made thereon by the said James M. McEwen,

Jamima McEwen, William M. McEwen and Eleanor McEwen, all of which should be appropriately credited thereon, and that, pursuant to Section 6-608, O.C.L.A. the said James L. Turnbull as executor of the estate of Thomas Turnbull, deceased, may file an appropriate petition requesting such relief as the circumstances may justify, according to the said James M. McEwen and William M. McEwen the right to pay within a reasonable time to be fixed by the court, the balance due on said contract including principal and interest, and to receive from the said Turnbull estate a warranty deed and title abstract to the land covered thereby, including said tract of 320 acres last hereinabove referred to in accordance with the terms and provisions of said contract or, in default of so doing, to forfeit all of their rights thereunder.

"II. That the said Walter T. McEwen shall forthwith account to plaintiffs and to the said defendants James McEwen and Jamima McEwen for the reasonable fair rental value of said 320 acres of land from the 25th day of October, 1939, to the date, and that he, the said Walter T. McEwen shall forthwith vacate, surrender and deliver over possession of said 320 acres of land to the said Thomas Turnbull estate, but subject to the rights of the said William M. McEwen and the said James M. McEwen under said purchase contract of February, 1935, with the said Thomas Turnbull.

"III. That the National Forest sheep grazing allotment for 3100 head of sheep which the defendant James M. McEwen waivered and surrendered to Ralph Chambers on the 15th day of September, 1943, constituted partnership property of the said James M. McEwen and the said William M. McEwen, each of whom at said time owned an undivided one-half interest therein; that at the time when said allotment was so waived and transferred it possessed a reasonable fair value of not less than $12,400.00 and that the said defendant James M. McEwen is indebted to the said William M. Mc-

Ewen in the sum of one-half of said amount or $6,200.00 with interest thereon at the rate of 6 per cent per annum from the 15th day of September, 1943, which indebtedness shall be duly considered in connection with the accounting hereinafter referred to.

"IV. That all of the lands described in paragraph VI of plaintiffs' complaint are owned by the estate of Thomas Turnbull deceased, and are subject to the aforesaid land purchase contract of February, 1935, hereinabove referred to; that all of the lands described in Paragraph IV of said complaint, regardless of the manner in which the record ownership thereof now stands, constitute the property of, and are owned by, plaintiffs William M. McEwen and Eleanor McEwen on the one hand, and defendants James M. McEwen and Jamima McEwen on the other hand, as tenants in common, each of said parties owning an undivided one-fourth interest therein; save and except that portion thereof known as the Visher ranch and described as the southeast quarter of the southwest quarter, the west half of the southwest quarter of Sec. 29, the east half of the southeast quarter of Section 30, the northeast quarter of the northeast quarter of Sec. 31, the north half of the north half, the southeast quarter of the northwest quarter, and the southwest quarter of the northeast quarter of Sec. 32, and the southwest quarter of the northeast quarter, the south half of the northwest quarter and the northeast quarter of the southwest quarter of Section 33, all in Twp. 24, South, Range 37, East, W.M., which land constitutes the sole and exclusive property of defendant James M. McEwen and Jamima McEwen, and save and except the northwest quarter of the northeast quarter, the south half of the northeast quarter, the northwest quarter and the south half of Sec. 4, Twp. 26, S.R. 37, East, W.M. which land constitutes the sole and exclusive property of the plaintiffs William M. McEwen and Eleanor McEwen. That during the periods involved in this

cause, plaintiffs and defendants James M. McEwen, and Jamima McEwen and Walter T. McEwen have utilized said lands so jointly owned in substantially equal proportions and that, with exception of the accounting to be made by the said Walter T. McEwen for his use and occupancy of said 320 acres of land hereinabove referred to, none of the parties is required to account for the use and occupancy of said lands.

"V.  That regardless of the manner in which the record now discloses ownership of the livestock brands ⚡ and T, said brands constitute the property of the plaintiff William M. McEwen and the defendant James M. McEwen each of said parties owning an undivided one-half interest therein.

"VI.  That heretofore and during the year 1939, plaintiff William M. McEwen and defendant James M. McEwen undertook to accomplish a partial dissolution of their partnership ventures and completed the same only to the extent of dividing equally between themselves at said time, all sheep and cash on hand, but that said partnership, particularly with respect to lands, cattle, horses and brands was not dissolved, settled or wound up and that said partnership is still in existence for all purposes and particularly for the purpose of the accounting next hereinafter referred to.

"VII.  That since the fall of the year 1918 plaintiff William M. McEwen and defendant James M. McEwen have been equal partners in a land and livestock venture, such livestock including sheep, cattle and horses; that at the time of the formation of said partnership the said William M. McEwen made, executed and delivered to the said James M. McEwen his certain written promissory note in the principal sum of $17,000.00, but that by the year 1926 the obligation of the said William M. McEwen on said promissory note appears to have been fully paid through profits from said partnership venture; that the note covering said obli-

gation, although pleaded and its production demanded by defendants James M. McEwen and Jamima McEwen has never been produced or presented either to said parties or to this court, nor has it ever been asserted against the said William M. McEwen except as referred to in the answer of defendants James M. McEwen and Jamima McEwen herein; that if said obligation has not been so fully paid the facts with respect thereto may be fully developed and considered in connection with the accounting hereinafter referred to.

"VIII. That down through the years, 1918 to date, said partnership acquired, raised, handled, sold and accumulated a substantial number of cattle and horses, most, if not all of which defendants James M. McEwen and Jamima McEwen, as well as the said defendant Walter T. McEwen, now claim to be their individual property. That in truth and in fact, said cattle and horses as well as the proceeds from the sale of any thereof constitute partnership property of the said William M. McEwen and James M. McEwen. That the said James M. McEwen, Jamima McEwen and Walter T. McEwen are hereby directed and required to forthwith account to plaintiffs for an undivided one-half of all of said cattle and horses, and their increase, and for the proceeds from the sale or other disposition of any thereof.

"IX. That pending the accountings so to be accomplished as hereinabove provided, and until final disposition of the case upon such applications as any of the parties may hereafter file, pursuant to the provisions of Section 6-608 O.C.L.A. the defendants James M. McEwen, Jamima McEwen and Walter McEwen, and each of them, their agents, servants and employees, and all persons acting by, under or through them or any of them, should be and they are hereby enjoined and restrained from exercising or from attempting to exercise any rights of ownership, management or control of the undivided one-half of said cattle and horses and their increase, and of the proceeds from the sale or other

disposition thereof, except upon express order of this court following appropriate showing with reasonable notice to plaintiffs and their counsel of record, said injunction and restraining order to remain in full force and effect until said accounting shall have been fully accomplished and passed upon by the court.

"X. That the court hereby appoints John Fowler of Ontario, Oregon, as referee before whom said accounting shall be accomplished, and the referee shall within 120 days fix the date therefor, the same to be held in the Circuit Court Room in the County Court House at Vale, Oregon. Said referee shall hear said matter, shall cause said proceedings to be reported and transcribed, and shall prepare and submit to the court his findings and report in said matters in manner as provided by law. The reasonable charges for the services of said referee and court reporter and the reasonable expense of transcribing said testimony and preparing said findings and report shall be borne one-half by plaintiffs and one-half by defendants James M. McEwen, Jamima McEwen and Walter T. McEwen, but the final disposition of said charges and expenses shall be governed by such provision as the court shall make with respect to costs and disbursements upon such order or orders as shall later be entered in connection with any supplemental relief sought by any of the parties pursuant to said Section 6-608, O.C.L.A.

"XI. Upon the completion of said accounting and submission to this court of the report and findings of the referee, with appropriate copies thereof to counsel of record, any of the parties hereto then deeming it advisable may file application for supplemental relief as provided by law, including judgment for any money or property found due from one or more of said parties to the other party or parties, appointment of a receiver, further injunctive relief, the allowance of costs, the granting of provisional remedies or such other matters as may upon such

application or applications then be presented for consideration by the court.

"XII. The foregoing does and shall constitute a final determination of the rights, status and legal relations of the parties hereto in the above entitled cause."

It is from the foregoing decree that defendants have appealed to this court. It is manifest that this is not a final decree. *Winters v. Grimes,* 124 Or 214, 264 P 359.

1. The right of appeal in this state is purely statutory, and the procedure is governed by statute. ORS 19.010 provides:

"(1) A judgment or decree may be reviewed on appeal as prescribed in this chapter.

"(2) For the purpose of being reviewed on appeal the following shall be deemed a judgment or decree:

"(a) An order affecting a substantial right, and which in effect determines the action or suit so as to prevent a judgment or decree therein.

"(b) An interlocutory decree in a suit for the partition of real property, defining the rights of the parties to the suit and directing sale or partition.

"(c) A final order affecting a substantial right, and made in a proceeding after judgment or decree.

"(d) An order setting aside a judgment and granting a new trial.

"* * * * *"

There is but one kind of interluctory decree in a suit from which the statute authorizes an appeal, namely, an interlocutory decree in a suit for the partition of real property defining the rights of the parties to the suit and directing a sale or partition. *Froman v. Jones,* 141 Or 42, 44, 16 P2d 21.

■ Under the decree in the instant case, the parties are directed to account. A further hearing and determination by the court upon such accounting is necessary. Until the accounting is had and finally settled by the court the decree cannot become final. *Robertson v. Henderson,* 181 Or 200, 202, 179 P2d 742; *Muellhaupt v. Strowbridge Estate Co.,* 136 Or 99, 298 P 186.

■■ Whether a right of appeal exists is a jurisdictional question. Unless an appeal is authorized by the statute, this court has no jurisdiction to consider it. Jurisdiction of the supreme court cannot be conferred by consent, agreement or waiver of the parties litigant. *Liimatainen v. State Industrial Accident Commission,* 118 Or 260, 277, 246 P 741; *Catlin v. Jones,* 56 Or 492, 494, 108 P 633.

■ When want of jurisdiction appears at any stage of the proceedings it is the duty of the court, on its own motion, to refuse to proceed further. *Ehrstrom v. Baum,* 159 Or 299, 300, 79 P2d 991; *Spokane Merchants' Association v. Gollihur,* 122 Or 146, 257 P 812; *Dippold v. Cathlamet Timber Co.,* 98 Or 183, 193 P 909; *Rynearson v. Union Co.,* 54 Or 181, 184, 102 P 785.

■ The mere fact that, as a part of the decree, the trial court set aside the conveyance of the 320-acre tract of land to defendant Walter T. McEwen, and in that respect the decree is final, does not alter the situation. The decree is considered as a whole, and the incidental relief respecting the 320-acre tract of land does not make the decree a final decree from which an appeal may be taken. The rule is well stated in 4 CJS 191, Appeal and Error, § 95 b, as follows:

> "Unless provided otherwise by statute, a decree to account is regarded as interlocutory and not appealable; and the fact that the decree grants other relief, such as an injunction, dissolution of

partnership, or the payment of money or property into court for preservation, *or the setting aside of conveyances,* does not affect the rule. * * *" (Italics ours.)

In 2 Am Jur 860, Appeal and Error, § 22, it is stated:

"A judgment, order, or decree, to be final for purposes of an appeal or error, must dispose of the cause, or a distinct branch thereof, *as to all the parties,* reserving no further questions or directions for future determination. It must finally dispose of the whole subject-matter or be a termination of the particular proceedings or action, leaving nothing to be done but to enforce by execution what has been determined. * * *" (Italics ours.)

See also *In re Norton's Estate,* 175 Or 115, 151 P2d 719, 156 ALR 617; *Abrahamson v. Northwestern Pulp & Paper Co.,* 141 Or 339, 17 P2d 1117; *Watkins v. Mason,* 11 Or 72, 4 P 524.

No motion was filed in this court to dismiss this appeal. However, it clearly appearing that the decree as a whole is interlocutory and not final, this court is without jurisdiction to review the proceeding. In such circumstances, it is the duty of the court to dismiss the appeal on its own motion.

Appeal dismissed.