STATE ex rel HEALY, *Respondent,*

*v.*

SMITHER et al, *Respondents,*
*and*
AMERICAN INSURANCE COMPANY, *Appellant.*

(No. 81901, CA 8583)

574 P2d 701

John R. Barker, Portland, argued the cause for appellant. With him on the briefs was Jones, Lang, Klein, Wolf & Smith, Portland.

No appearance for respondent State of Oregon acting by and through Frank J. Healy, Corporation Commissioner.

No appearance for respondent Harold F. Smither.

Bruce A. Rubin, Portland, argued the cause for respondent Asa L. Lewelling. With him on the brief

was Miller, Anderson, Nash, Yerke & Wiener, Portland.

No appearance for respondent United States National Bank.

Before Schwab, Chief Judge, and Thornton and Buttler, Judges.

BUTTLER, J.

**BUTTLER, J.**

This appeal arises from a contest between claimants The American Insurance Company and Asa L. Lewelling for priority in payment out of the assets of defendant Harold F. Smither, now in the possession and control of the Corporation Commissioner, as receiver, pursuant to an order of the circuit court entered in the principal proceeding.

Because of our disposition of the case, only a brief factual outline of the matter is necessary. Through misconduct, Harold Smither, an employee of First California Company, subjected his employer to substantial liability. First California's insurer, The American Insurance Company, paid the liabilities so incurred to the extent of its policy limits, and now seeks to recover its payments from the assets of Smither now in the receivership. Lewelling's claim is based upon a judgment he obtained against Smither. While there is at least one other claim, filed by United States National Bank, in the receivership, only the claims of American and Lewelling are involved herein.

On May 9, 1977, the circuit court, on motion of Lewelling,

"ORDERED that all claims of Lewelling to the assets of this receivership shall be satisfied prior to any claims of The American Insurance Company."

It is from this order determining priority of claims that American appeals, and the preliminary question is whether it is a final order from which an appeal may be taken. ORS 19.010.

At the time the order was entered, the receiver was in the process of marshalling and appraising assets of the estate, after which those assets are to be reduced to cash. There is nothing in the record to indicate the amount or validity of claims as against the assets available for distribution. Until the receiver has obtained approval of his final account, and is directed to make distribution in accordance therewith, it will not

be known whether a substantial right of a party has been affected. ORS 19.010(2) (a). *McEwen et ux v. McEwen et al,* 203 Or 460, 280 P2d 402 (1955); *Winters et al v. Grimes et al,* 124 Or 214, 264 P 359 (1928).

We conclude that the order is interlocutory in nature, and hold that it is not appealable. When the proceedings are finally determined, a decision on the merits may be obviated. *Lulay v. Earle, Wolfer,* 278 Or 511, 514, 564 P2d 1045 (1977).

Appeal dismissed.