Argued and submitted November 28, 1979,
appeal dismissed January 28, 1980

In the Matter of the Marriage of
LINDER,
*Appellant,*
*and*
LINDER, nka Lebrun,
*Respondent.*
(No. 415-221, CA 12835)

605 P2d 714

Leslie M. Roberts, Portland, argued the cause for appellant. With her on the briefs was Kell, Alterman & Runstein, Portland.

Allen Reel, Portland, argued the cause for respondent. With him on the brief were Kennedy, King & McClurg and James W. McClurg, Portland.

Before Tanzer, Presiding Judge, and Thornton and Campbell, Judges.

[153]

THORNTON, J.

## THORNTON, J.

This appeal by husband arises out of a lengthy and involved dispute between the parties over the manner of carrying out a property division decreed by the trial court as a part of the dissolution of their marriage in February, 1976. The principal assets of the marriage were a house in Lake Oswego, two sizeable farms: the Colton ranch located in Clackamas County, and the Joseph ranch located in Wallowa County, and some bank accounts.

The decree was based on a property settlement agreement and provided that the parties would be equal co-owners of both ranches and personalty thereon as tenants in common; that husband would provide an accounting to wife of the assets; and that the Colton property would be appraised and if the parties could agree on the price husband could purchase it and give wife her one-half of the equity. The Joseph ranch was subsequently sold and the proceeds divided equally between the parties.

Husband contends that the court erred

(1) in entering judgment against husband for $2,500 as half of $5,000 as the value of irrigation pipe at the Joseph ranch;

(2) in denying husband's motion to enforce the property settlement agreement;

(3) in "ordering partition" of the Colton property;

(4) in ordering husband to account for transactions at the Colton ranch, to date;

(5) in allowing attorney fees to wife.

A threshold question is the appealability of the order before us. A brief outline of the case is necessary to understand this issue.

As previously mentioned, the parties had been at odds for some time over the manner of carrying out the financial provisions of the property settlement and

decree. Finally, wife brought supplementary proceedings against husband seeking to enforce the decree, to partition and sell the real property, and to compel husband to disclose information as to the property he controlled, i.e., the real property, bank account records and other records of both the Joseph and Colton ranches. Wife complained that the necessary information had not been furnished by husband and that the property division, therefore, could not be implemented. A hearing was held in May, 1978, following which the court gave husband until June to supply wife's attorneys with the requested information.

Subsequent to the hearing, wife again complained that husband had not complied with the court's order to furnish an accounting and allow inspection of all records. A second hearing was then held in October, 1978, in which wife voiced the same complaints. The trial judge then declared that a complete accounting for Colton had been intended by the May order and must be furnished; that if the parties could not agree on the value of the real and personal property after the accounting, the property was to be sold and wife was to receive one-half of the net value. The court ordered husband to produce an accounting by December 15, 1978, and gave the parties until February 1, 1979, to agree on the value, or the property would be sold.

An order for an accounting is not normally an appealable "final decree." ORS 19.010; *McEwen et ux v. McEwen et al,* 203 Or 460, 470-71, 280 P2d 402 (1955). To the extent that husband appeals from this portion of the court's order, the issues involved are not yet ripe for determination and the challenged order is not appealable because it was not a final decree.

Appellate review of the other portion of the trial court's action must likewise await a final order.

Appeal dismissed. Costs to respondent.