Argued and submitted September 6, dismissed for
lack of jurisdiction November 1, 1983

## MULTISTATE TAX COMMISSION et al,
*Petitioners on Review,*

*v.*

## DOW CHEMICAL COMPANY,
*Respondent on Review.*

(TC 1835; SC 29252)

671 P2d 108

William D. Dexter, General Counsel for Multistate Tax Commission, Olympia, Washington, argued the cause for petitioners on review. With him on the briefs were Joel M. Greene, Assistant Counsel, Multistate Tax Commission, Olympia, Washington, and Elizabeth S. Stockdale, Assistant Attorney General, Tax Section, Department of Justice, Salem.

Neil Papiano, Los Angeles, California, argued the cause for respondent on review. With him on the brief were David K. Robbins, Iverson, Yoakum, Papiano & Hatch, Los Angeles, California, and Rhoten, Rhoten & Speerstra, Salem.

Before Peterson, Chief Justice, Lent, Linde, Campbell, Roberts and Jones,** Justices.

ROBERTS, J.

---

** Jones, J. did not participate in this decision.

## ROBERTS, J.

This matter arises from a motion for an order to show cause initiated by the Multistate Tax Commission (MTC) to compel the Dow Chemical Company (Dow) to produce corporate minutes for inspection in connection with an audit and to toll the statute of limitations for a potential tax action or to show cause why such orders should not issue. The Oregon Tax Court, on November 24, 1982, issued an opinion and order compelling Dow to allow access but not tolling the statute of limitations. MTC moved for reconsideration. On December 22, 1982, the Tax Court issued an order denying the motion for reconsideration. On January 13, 1983, MTC appealed to this court from that portion of the opinion and order which failed to toll the statute of limitations. During oral argument, this court raised, *sua sponte,* the question of jurisdiction. Supplemental memoranda from both parties were requested and submitted.

This court is vested with jurisdiction "to hear and determine all appeals from final decisions and final orders of the tax court, except with respect to the small claims division of the tax court. * * *" ORS 305.445.[1] The timing of such appeals is governed by ORS 19.026, which provides:

"(1)   Except as provided in subsections (2) and (3) of this section, the notice of appeal shall be served and filed within 30 days after the entry of the judgment appealed from.

"* * * * *"

The November 24, 1982 opinion and order includes a final section beginning "It is hereby ordered, adjudged and decreed as follows * * *." If the judgment in this case were rendered on November 24, 1982, the notice of appeal was not timely filed and this court lacks jurisdiction to entertain this cause. MTC

---

[1] ORS 305.445 provides:

"The sole and exclusive remedy for review of any decision or order of the tax court shall be by appeal to the Supreme Court. Jurisdiction hereby is vested in the Supreme Court to hear and determine all appeals from final decisions and final orders of the tax court, except with respect to the small claims division of the tax court. Such appeals, and the review of final decisions and final orders of the tax court, shall be in accordance with the procedure in equity cases on appeal from a circuit court, but without regard to the sum involved. Upon such appeal and review, the Supreme Court shall have power to affirm, modify or reverse the order or decision of the tax court appealed from, with or without remanding the case for further hearing, as justice may require."

raises numerous arguments attacking the finality of the opinion and order.

MTC first contends that the November 24 order is not final because therein the Tax Court stated it would "retain jurisdiction to resolve any disputes in the implementation of this order." The question of finality where the trial court retains some link to the case has been often discussed by this court.

In three pertinent cases, this court has held similar orders to be interlocutory, and not final. *Winters v. Grimes,* 124 Or 214, 264 P 359 (1928); *McEwen v. McEwen,* 203 Or 460, 280 P2d 402 (1955); *David M. Scott Construction v. Farrell,* 285 Or 563, 592 P2d 551 (1979). In *Winters* this court stated that one test of finality is whether "the order or decree [is] one which determines the rights of the parties so that no further questions can arise before the court rendering it, except such as are necessary to be determined in carrying it into effect * * *." 124 Or at 216. In *McEwen,* as in *Winters,* the trial court's order was for an accounting. *McEwen* found that "[a] further hearing and determination by the court upon such accounting is necessary. Until the accounting is had and finally settled by the court the decree cannot become final." 203 Or at 470. Where a trial court had retained jurisdiction to enter a supplemental decree and to determine whether to award attorney fees, and there existed a possibility of unforeseen controversies relating to the amount payable under the decree, these facts were "such as to bring this case within [the] general rule to the effect that a decree is not final and appealable 'if anything further in the nature of judicial action on the part of the court is essential to a final determination of the rights of the parties.'" 285 Or at 569-70.

Two cases have held similar orders final. *Lyon v. Mazeris,* 170 Or 222, 132 P2d 982 (1943); *Hall v. Pierce, Bone,* 210 Or 98, 309 P2d 998 (1957) (on motion to dismiss appeal). In *Lyon,* a suit to establish ownership of property, the rights to the property were adjudicated, but the question of costs was left until after a final decree following an accounting. This court opined "that the principal issue between the litigants herein was determined by the order under consideration, and that such order was therefore final, consequently appealable." 170 Or at 233. This court in *Hall* reviewed Oregon caselaw and

concluded that "previous holdings * * * take the position that if the decree fixes the rights and liabilities of the parties upon the subject of the controversy and refers the matter for accounting purposes only, the decree is deemed final for the purposes of appeal." 210 Or at 154.

■　　　This suit is an action to require Dow to allow access to its corporate minutes and to toll the statute of limitations. Both issues were decided by the November 24 opinion. No further court action was needed to determine the rights and liabilities of the parties. The court retained jurisdiction "to resolve any disputes in the implementation of this order"; it was not anticipated that the resolution of the case would change during the period of retained jurisdiction. The provision was incorporated only to ensure that the order was faithfully followed. That provision presents no basis to delay the appeal. We conclude that the November 24 opinion and order constituted a final and appealable judgment.

■　　　MTC next claims that because the order portion of the tax court's November 24 opinion and order did not mention the tolling of the statute of limitations issue, it is not a final judgment with respect to that issue. We disagree. The court concluded its opinion with the statement "[T]he petitioner's motion for a tolling of the statute of limitations until the audit is completed is hereby denied;" that the issue was finally resolved at this juncture is reflected in the court's order denying the motion for reconsideration where the court referred to its November 24 "Opinion and Order * * * denying the petitioners' plea that the court waive the applicable statutes of limitation * * *." The November 24 opinion and order disposed of the tolling of the statute of limitations issue. We reject MTC's interpretation of this opinion and order. Such a strained reading would frustrate long-standing policy of avoiding piecemeal appeals.[2]

■■　　　We likewise reject MTC's claim that the order of December 22 is the final order on the statute of limitations

---

[2] An illustration of the policy against piecemeal appeals appears in ORCP 67 B., which sets forth the general requirement for finality where one claim for relief is resolved and others remain pending. The rule provides in relevant part:

"[T]he court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment."

issue. That order merely denied petitioner's motion for reconsideration; it added nothing to the determination of the tolling of the statute of limitations issue itself. In *Waybrant v. Bernstein,* 294 Or 650, 661 P2d 931 (1983), this court held that " 'an order denying a motion to vacate an appealable order, judgment or decree is not appealable.' " 294 Or at 654 (citations omitted). This case explains:

> "Insofar as the appeal is based upon the substantive correctness of the prior appealable judgment, decree, or order, the appeal must be from its issuance and be perfected within the time prescribed by statute. When the statutory time for appeal has expired and the right to appeal has lapsed, a party cannot resurrect the right to appeal by asking the court to reconsider the ruling - otherwise, there would be no finality to judgments." 294 Or at 654.[3]

On the same rationale, the denial of MTC's motion for reconsideration cannot serve to resurrect MTC's right to appeal the merits of the case.

MTC next argues that a motion for reconsideration is analogous to a motion for new trial and should have the same effect on appeal rights. ORS 19.026(2)[4] allows a party to appeal a judgment within 30 days of the date of an order disposing of a motion for new trial. MTC argues that a motion for reconsideration to the tax court should likewise afford the moving party with a "suspension" of the normal 30 day limit measured from the date of entry of judgment. We rejected this argument in *Radmacher v. Archuleta,* 285 Or 433, 591 P2d 744 (1978), where we held that a motion for new trial is available only in law actions and not in suits in equity.

■     The Oregon Rules of Civil Procedure do not automatically apply in the tax court. *See* ORCP 1. Many of the rules have been adopted by the tax court, but not ORCP 64, which governs motions for new trial in circuit and district

---

[3] The opinion delineates two exceptions to the above rule, both of which merely require this court "to decide whether, on procedural grounds, the appellant is entitled to have the prior decision set aside and the case reopened." 294 Or at 655.

[4] ORS 19.026(2) provides:

> "(2) Where any party has served and filed a motion for new trial or a motion for judgment notwithstanding the verdict, the notice of appeal of any party shall be served and filed within 30 days after * * *

> "(a) The date of entry of the order disposing of the motion."

courts. There is no procedural device in the tax court which extends the effective date of the judgment as ORCP 64 does in circuit and district courts.

The rule applicable to motions for reconsideration of Tax Court opinions is TC Rule 70, which states:

> "A petition for rehearing must be submitted within 10 days after the opinion has been rendered and before the decree is signed. The petition should state specific grounds and the authority on which counsel relies. *See* Rule 14 C."

TC Rule 70 assumes that at least 10 days will elapse between the date of the opinion and the date of the decree or order. This ordinarily occurs because TC Rule 68 states:

> "After the opinion is filed (and Rule 67 fulfilled, where applicable), the prevailing party shall submit an original and three copies of a form of decree to the court and mail a copy to or personally serve each opposing party. Each opposing party shall have 10 days within which to object to the form of decree submitted unless such 10-day period is waived."

In the typical case, there is a 10 day period between the issuance of the opinion and the order during which a party may move for reconsideration of the opinion. By rule, such motions precede the issuance of a final appealable order and thus should not be given the same effect as a motion for new trial on time limits for appeals under ORS 19.026(2).

We come then to MTC's final argument. The tax court failed to provide any period of time between its opinion and decree. Instead the opinion and order were issued simultaneously, eliminating the possibility of both a petition for reconsideration before entry of the final decree and any challenge to the form of decree. MTC contends that TC Rules 68 and 70 require that in every case the tax court must delay entry of the decree for at least 10 days after it renders an opinion. The failure to delay, MTC asserts, renders the November 24 order void.

For precisely the reason presented in this case we do not read TC Rules 68 and 70 to mandate such a delay. MTC was under time pressure to complete the audit of Dow before the statute of limitations ran. It is apparent that the court issued the opinion and order simultaneously in an attempt to expedite the proceeding for MTC's benefit.

■ The November 24 opinion and order constitute the judgment in this case; it was final and appealable because it disposed of the issues of the rights and liabilities of the parties relevant to this action.[5] A motion for reconsideration to the tax court is not analogous to a motion for new trial and does not have the effect of "suspending" the 30 day period within which appeals must be taken. Nor does a deviation from the usual rehearing practice at the tax court render the November 24 order void. Thus, this court lacks jurisdiction to entertain MTC's appeal because it was filed more than 30 days after the November 24 opinion and order. We therefore dismiss for lack of jurisdiction.

---

[5] ORCP 67 A. provides:

" 'Judgment' as used in these rules is the final determination of the rights of the parties in an action; judgment includes a decree and a final judgment entered pursuant to section B. or G. of this rule. 'Order' as used in these rules is any other determination by a court or judge which is intermediate in nature."

Although the Tax Court has not adopted ORCP 67, the November 24 opinion and order meets the definition of a judgment under ORCP 67 A.