Argued and submitted December 6, 1988, petition for reconsideration allowed, order of dismissal withdrawn and appeal reinstated March 7, 1989

# NORTHWEST MEDICAL LABORATORIES, INC.,
*Appellant,*

*v.*

# GOOD SAMARITAN HOSPITAL AND MEDICAL CENTER et al,
*Respondents.*

(OTC 2271; SC S35293)

770 P2d 905

On appellant's petition for reconsideration filed October 21, 1988. Appeal dismissed October 3, 1988.

Michael J. Morris, of Bennett, Hartman, Tauman & Reynolds, P.C., Portland, argued the cause and filed the petition for appellant.

James N. Westwood, of Miller, Nash, Weiner, Hager & Carlson, Portland, argued the cause for respondent Providence Medical Center.

James H. Clarke, of Spears, Lubersky, Bledsoe, Anderson, Young & Hilliard, Portland, argued the cause for respondents Emanuel Hospital and Metropolitan Hospitals, Inc.

Before Peterson, C. J., and Linde, Carson, Jones, Gillette and Van Hoomissen, JJ.

PETERSON, C. J.

## PETERSON, C. J.

We must decide whether a notice of appeal is timely if it is filed more than thirty days after entry of a tax court order dismissing a complaint for declaratory judgment but less than 30 days after the entry of judgment. We hold that the notice of appeal was timely filed.

The plaintiff filed a complaint in the Oregon Tax Court seeking a declaration that the Multnomah County Tax Assessor had wrongfully exempted certain property owned by non-profit hospitals from taxation. The tax court found that the plaintiff had not exhausted its administrative remedies and issued an order that "the Complaint for Declaratory Judgment be, and the same is, hereby dismissed." The order was signed and entered in the register on April 30, 1985. No judgment was signed or entered in the register at that time.

On May 9, 1985, Providence Medical Center, one of the defendants, moved the tax court for a ruling on other motions. The tax court denied the motion by an order signed and entered on May 14, 1985. There were no further filings or proceedings until May 19, 1988, when the plaintiff served the court and all of the defendants with a document entitled "Judgment," which the plaintiff asked the tax court to sign and enter. The tax court, after considering written arguments of the parties, signed and entered the judgment on June 7, 1988.

The plaintiff filed a notice of appeal within 30 days of entry of the judgment, but this was more than three years after entry of the order dismissing the complaint. This court, on motion of several defendants, dismissed the appeal as not being timely filed. The plaintiff then petitioned for reconsideration. We grant reconsideration, withdraw the order of dismissal, and reinstate the appeal.

ORS 305.445 provides:

"The sole and exclusive remedy for review of any decision or order of the tax court shall be by appeal to the Supreme Court. Jurisdiction hereby is vested in the Supreme Court to hear and determine all appeals from final decisions and final orders of the tax court, except with respect to the small claims division of the tax court. Such appeals, and the review of final

decisions and final orders of the tax court, shall be in accordance with the procedure in equity cases on appeal from a circuit court, but without regard to the sum involved. Upon such appeal and review, the Supreme Court shall have power to affirm, modify or reverse the order or decision of the tax court appealed from, with or without remanding the case for further hearing, as justice may require."

This statute gives the Supreme Court jurisdiction to review the "final decisions" and "final orders" of the tax court. The statute also clearly provides that the review of final decisions and final orders of the tax court "shall be in accordance with the procedure in equity cases on appeal from a circuit court * * *."[1] Appeals in equity cases are governed by ORS chapter 19.[2] Hence, assuming that the tax court order is either a final decision or final order (as those terms are used in ORS 305.445), we must determine whether it is appealable under the procedures for appeal laid out in ORS chapter 19.

The time requirements for filing a notice of appeal are established by ORS 19.026 and govern appeals of tax court cases. *Multistate Tax Commission v. Dow Chemical Co.,* 295 Or 831, 833, 671 P2d 108 (1983). ORS 19.026 provides in relevant part that the notice of appeal "shall be served and filed within 30 days after the *judgment* appealed from is entered in the register." (Emphasis added.)

ORS 19.010 establishes that only judgments or decrees[3] are appealable, but it adds that certain orders are

---

[1] At the time the statute was enacted, there was no Court of Appeals. Appeals from a circuit court are now heard by the Court of Appeals. In a sense, it is impossible to implement the statute exactly because an appeal "in accordance with the procedure * * * on appeal from a circuit court" would now result in an appeal to the Court of Appeals, which has no jurisdiction to review a tax case. The statute must be interpreted both in light of the situation at the time it was enacted and in light of subsequent events. Appeals should be in accord with the procedure currently established for appeals from a circuit court, except that the appeal is to this court, not to the Court of Appeals.

[2] The main difference between appeals from judgments deciding equitable issues and legal issues is the scope of review. There is review *de novo* on appeal of a suit in equity. ORS 19.125(3).

[3] A "decree" is the functional equivalent of a judgment. Prior to the merger of law and equity, a decree was the instrument that terminated a suit in equity, whereas a judgment terminated an action at law. *Hall et ux. v. Pettibone et al.,* 182 Or 334, 337, 187 P2d 166 (1947).

"deemed" to be judgments for the purpose of appeal. In part it provides:

"(1)   A judgment or decree may be reviewed on appeal as prescribed in ORS 19.005 to 19.026 and 19.029 to 19.200.

"(2)   For the purpose of being reviewed on appeal the following shall be deemed a judgment or decree:

"(a)   An order affecting a substantial right, and which in effect determines the action or suit so as to prevent a judgment or decree therein.

"* * * * *

"(c)   A final order affecting a substantial right, and made in a proceeding after judgment or decree."

The classification scheme within this statute is significant. It first declares that a "judgment" or a "decree" may be appealed. Then, by providing that certain orders are deemed judgments, it in effect distinguishes between orders not deemed judgments on the one hand and those orders deemed judgments on the other. The result is that there can be no appeal from an order unless that order qualifies as a judgment under ORS 19.010(2).[4]

ORS 19.010(2)(c) is inapposite because it applies only to an order made "after judgment or decree." The order at issue was made *before* judgment or decree. The only subsection of ORS 19.010(2) by which the order at issue might possibly qualify as a judgment is ORS 19.010(2)(a). It deems "an order affecting a substantial right, and which in effect determines the action or suit so as to prevent a judgment or decree therein" to be a judgment. Several of this court's cases, however, lead inexorably to the conclusion that ORS 19.010(2)(a) is inapplicable here. In *City of Portland v. Carriage Inn,* 296 Or 191, 193, 673 P2d 531 (1983) (per curiam), the trial court issued an order dismissing the plaintiff's complaint "without leave to replead." We held that the order was not an appealable order under ORS 19.010(2)(a):

"To be appealable under ORS 19.010(2)(a), an order must not

---

[4] Appeals pursuant to ORCP 67 B are an exception. ORCP 67 is not relevant here. The tax court has adopted ORCP 67. *See* Tax Court Rule 67.

only 'determine the action or suit' but must 'prevent a judgment or decree therein.' If the quoted document in this case was only an 'order,' so as to fall under ORS 19.010(2)(a), it would lay the foundation for entry of a judgment not prevent it. The * * * 'order' was appealable only if it was itself a 'judgment or decree' appealable under ORS 19.010(1)." 296 Or at 193-94 (footnote omitted).

Likewise, in *Ragnone v. Portland School District No. 1J,* 289 Or 339, 613 P2d 1052 (1980), we held that an order granting a motion for judgment notwithstanding the verdict was not appealable under ORS 19.010(2)(a). We stated that "[t]he order only put the case in a posture for the entry of *judgment* which would have the same effect," and that the order "does not *prevent* a judgment, but rather paves the way for one." 289 Or at 343, 344 (emphasis in original). *See also Cenci v. The Ellison Company,* 289 Or 603, 617 P2d 254 (1980) (order granting motion for summary judgment not appealable because it did not prevent a judgment but paved the way for one).

The normal practice of the tax court is to issue a judgment (formerly a decree) following an order of dismissal.[5] The tax court has the authority to adopt its own procedures. ORS 305.425(3). The practice of having a separate order and judgment facilitates compliance with ORS 19.026. The tax court's order of dismissal in this case did not prevent a judgment or decree; rather, it set the stage for entry of judgment.

We conclude that, to be appealable, a tax court order or decision must itself be deemed a judgment or decree under ORS 19.010. Orders or decisions that are interlocutory in nature are not appealable until a judgment or decree has been rendered in the matter and entered in the register as is required by ORS 19.026.

The plaintiff timely filed the notice of appeal within 30 days of entry of judgment in the register. The petition for

---

[5] In 1985 (*i.e.* the time at which the tax court entered the order at issue here), Tax Court Rule 68 provided in pertinent part that "after the opinion is filed * * *, the prevailing party shall submit an original and three copies of a form of decree to the court * * *." Since that time, the tax court has amended and renumbered its rules. The provisions of former Tax Court Rule 68 are now found in Tax Court Rule 70, and the word "judgment" supplants "decree." In addition, Tax Court Rule 70 now requires *inter alia* that judgments be in a separate document and plainly labeled as a judgment.

reconsideration is allowed. The order of dismissal is withdrawn and the appeal is reinstated.[6]

---

[6] The defendants insist that *Dennehy v. Dept. of Rev.*, 295 Or 574, 668 P2d 1210 (1983), and *Multistate Tax Commission v. Dow Chemical Co.*, 295 Or 831, 671 P2d 108 (1983), dictate a different result. We disagree. In *Dennehy* the plaintiff appealed from a tax court order dismissing his complaint for failure to exhaust administrative remedies. The order stated in pertinent part: "Ordered that the plaintiff's amended complaint * * * should be and hereby is dismissed for lack of jurisdiction, with prejudice." The parties and the court in *Dennehy* simply assumed that the order was appealable under ORS 305.445. As the holding in this case suggests, that assumption may have been incorrect.

In *Multistate Tax Commission v. Dow Chemical Co., supra,* the tax court issued a document entitled "opinion and order" which in part declared: " 'It is hereby ordered, *adjudged* and *decreed* as follows * * *.' " 295 Or at 833 (emphasis added). We held that this was a judgment and was appealable. 295 Or at 835. As the quotation indicates, the order's relevant language was clearly dispositive, in contrast to the language of the order entered by the tax court in this case.