Argued and submitted December 6, 1988, intervenors' motion to dismiss denied
March 7, 1989

NORTHWEST MEDICAL LABORATORIES, INC.,
*Appellant,*

*v.*

DEPARTMENT OF REVENUE,
*Respondent,*

GOOD SAMARITAN HOSPITAL
AND MEDICAL CENTER et al,
*Intervenors.*

(OTC 2606; SC S35294)

770 P2d 909

On intervenors' motion to dismiss filed October 21, 1988.

Michael J. Morris, of Bennett, Hartman, Tauman & Reynolds, P.C., Portland, argued the cause and filed the petition for appellant.

James N. Westwood, of Miller, Nash, Weiner, Hager & Carlson, Portland, argued the cause for intervenors.

Before Peterson, C. J., and Linde, Carson, Jones, Gillette and Van Hoomissen, JJ.

PETERSON, C. J.

## PETERSON, C. J.

This case presents the same issue as did *NW Medical Lab. v. Good Samaritan Hospital,* 307 Or 448, 770 P2d 905 (1989). The issue is whether an order by the tax court dismissing the complaint commences the time in which a notice of appeal must be filed, or whether that time commences upon entry of judgment in the register.[1] The time does not start until entry of judgment in the register. *NW Medical Lab. v. Good Samaritan Hospital, supra.* The notice of appeal in this case was timely filed within 30 days of the entry of judgment. Intervenors' motion to dismiss is therefore denied.

---

[1] In this case the tax court entered an order dismissing the plaintiff's complaint on February 24, 1988. On March 2, 1988, before entry of judgment and before 10 days had elapsed, plaintiff submitted a motion for "reconsideration or clarification." On March 8, 1988, the tax court granted the motion for reconsideration. On May 6, 1988, the tax court entered an order granting both the defendant's motion for summary judgment and the intervenors' motion to dismiss. Judgment to that effect was entered on June 7, 1988, and Northwest filed a notice of appeal on June 23, 1988.

The intervenors contend that the tax court's order dated February 24, 1988, was appealable and that neither the filing of a motion for "reconsideration," nor the granting of that motion by the tax court, tolls the 30-day period during which notice of appeal must be filed under ORS 19.026.

Because we hold that the February 24, 1988 order was not appealable, we need not reach intervenors' arguments concerning the effect of a motion for reconsideration upon the 30-day period for appeal.