Argued and submitted January 13, affirmed April 22, 1992

Kenneth S. BARNARD
and Barbara Barnard,
*Appellants,*

*v.*

John J. LANNAN,
by and through Kristi Diane Lannan,
Personal Representative of
the Estate of John J. Lannan, Deceased,
*Respondent.*

(A8807-03937; CA A64373)

829 P2d 723

Robert S. Sola, Portland, argued the cause for appellants. With him on the brief were Michael L. Williams and Williams, Troutwine & Bowersox, P.C., Portland.

John Folawn, Portland, argued the cause for respondent. With him on the brief were Martin W. Jaqua and Holmes & Folawn, Portland.

Before Richardson, Presiding Judge, and Deits and Durham, Judges.

DURHAM, J.

## DURHAM, J.

Plaintiffs appeal a summary judgment dismissing their claim for legal malpractice. ORCP 47B. We affirm.

Plaintiffs hired defendant,[1] an attorney, to sue Crist, another attorney, for negligence in the handling of plaintiffs' claims against Adair Homes, Inc. (Adair). Crist had sued Adair for plaintiffs, but the court entered an order dismissing that action on September 20, 1983, and a judgment of dismissal on November 11, 1983. Defendant filed plaintiffs' action against Crist on October 30, 1985. The court dismissed the action against Crist, holding that it had not been filed within the two-year limitation period in ORS 12.110(1).[2]

Plaintiffs then sued defendant, claiming that he had not filed their action against Crist within the two-year limitation period. ORS 12.110(1). They contended that the action against Crist accrued when the court entered the order dismissing the claim against Adair. The trial court held that the action against Crist was timely filed and, consequently, that defendant was not negligent, because the claim accrued when the court entered *judgment* against plaintiffs on the claim against Adair on November 11, 1983, not when the court entered its *order* of dismissal on September 20, 1983.

Plaintiffs assign error to the court's ruling that their cause of action against Crist accrued only on entry of judgment against them. We review the record in the light most favorable to plaintiffs, who opposed the summary judgment motion. *See Seeborg v. General Motors Corporation*, 284 Or 695, 699, 588 P2d 1100 (1978).

---

[1] After oral argument in this case, John Lannan died. The parties stipulated to substituting the personal representative of his estate as respondent. We refer to the attorney as defendant.

[2] Plaintiffs' complaint says:

"This ruling dismissing plaintiffs' claims against attorney Crist was proper, and an appeal therefrom would have been fruitless."

Plaintiffs do not allege that Lannan was negligent in failing to appeal the judgment dismissing the lawsuit against Crist.

A legal malpractice action accrues when the plaintiff is in fact harmed and knows, or should know, that defendant's conduct has caused the harm. *U.S. Nat'l Bank v. Davies*, 274 Or 663, 668, 548 P2d 966 (1976). Plaintiffs contend that they were harmed and knew it when the court entered the order granting Crist's motion for summary judgment on September 20, 1983, and that there is no reason to postpone the accrual date on their malpractice action until the entry of judgment on November 11, 1983.

In *U.S. Nat'l Bank v. Davies*, *supra*, attorneys had advised the plaintiff's decedent, Collins, to accept a corporation's trust funds in payment for his stock. The corporation sued to recover the funds, alleging that the payment to the plaintiff was illegal. The lawsuit was settled with a payment by Collins to the corporation. A legal malpractice action followed. The defendants argued that the action was untimely because, more than two years before the action was filed, Collins had been notified, through the corporation's complaint, of the error in the attorneys' advice and the probability of a loss. The court disagreed, concluding that the complaint, by itself, did not notify Collins that his damage was caused by the negligent advice of his lawyers. The holding in *Davies* was succinctly explained in *Jaquith v. Ferris*, 297 Or 783, 786, 687 P2d 1083 (1984):

> "[*Davies*] was decided on the principle that a plaintiff, even though damaged, has no cause of action against anyone until the plaintiff becomes aware or should have become aware of the cause of his damage. * * *

> "We concluded that common sense dictated that a 'later event' (the likelihood of decedent's probable liability for the improper stock transfer) should take place before the statute commenced to run on decedent's malpractice action.

> "We considered these potential problems, but the crux of *Davies* is this: We were unwilling to hold decedent to awareness of his attorneys' malpractice until the litigation precipitated by the attorneys' advice was resolved. The resolution of the issue presented in the first action, the legality of the stock payments, would alert plaintiff to the existence or nonexistence of a malpractice claim. If the stock payments were found legal, plaintiff would have no reason to believe a malpractice claim existed. If the stock payments were found

to be illegal, decedent would then be aware that the propriety of his attorneys' advice was open to challenge.[3]

"[3] It happened in *Davies* that the first action between the corporation and decedent was settled with decedent paying a sum back to the corporation. This meant that the legality of the stock payments, and hence the propriety of the attorneys' advice, had yet to be resolved. Until the action was settled, however, there existed the possibility that the stock payment would be found legal, a determination that would eliminate the possibility of decedent's malpractice claim."

In this case, the litigation that precipitated the malpractice action against Crist reached the point of resolution when the court entered its judgment of dismissal of plaintiff's action against Adair. The order of dismissal, like most orders made during litigation, was interlocutory, non-appealable and subject to modification or reversal by the trial court. ORCP 67A; *see NW Medical Lab. v. Good Samaritan Hospital*, 307 Or 448, 453, 770 P2d 905 (1989); *Cenci v. The Ellison Company*, 289 Or 603, 617 P2d 254 (1980). Until entry of the judgment of dismissal, there existed the possibility that the court still would resolve the claim against Adair in plaintiffs' favor, obviating a malpractice claim against Crist.

Our conclusion is not affected by the holding in *Stevens v. Bispham*, 108 Or App 588, 816 P2d 700, *rev allowed* 312 Or 525 (1991), where we held that a genuine issue of fact existed as to whether the plaintiff, the accused in a criminal case, should have known when he entered his plea of no contest that his lawyer's alleged malpractice had caused him harm. The plea, which had several final consequences for the defense, is distinguishable from the order granting summary judgment here, which was not final in any sense.

Plaintiffs' claim against defendant accrued when a judgment was entered in Crist's favor on November 11, 1983. Defendant timely filed the action against Crist on October 30, 1985. The court did not err when it granted summary judgment.

Affirmed.