Argued and submitted July 13, 1992, reversed and remanded with instructions in part and otherwise affirmed in CA A68063; affirmed in CA A68062 December 8, 1993, reconsideration denied February 9, petition for review denied March 1, 1994 (318 Or 458)

Orval Roy KLENKE,
*Appellant,*

*v.*

Della Lorene CLEEK,
Personal Representative of
the Estate of Donald Leroy Cleek, deceased,
*Respondent.*

(88-285 CV; CA A68062 (Control))

Della CLEEK,
*Respondent,*

*v.*

Orval KLENKE,
*Appellant,*

*and*

Delos PARKS,
and South Valley State Bank,
an Oregon banking corporation,
*Defendants.*

(88-336 CV; CA A68063)
(Cases Consolidated)

864 P2d 1350

Del Parks, Jr., argued the cause for appellant. With him on the briefs were Michael Ratliff and Parks & Ratliff.

Donald R. Crane argued the cause for respondent. With him on the brief was Crane & Foltyn.

Before Richardson, Chief Judge, and Deits and Durham, Judges.

DURHAM, J.

## DURHAM, J.

In these consolidated actions arising out of a partnership dissolution, plaintiff appeals from both judgments.[1] We affirm in part and reverse in part.

Plaintiff and Cleek were business partners for many years before Cleek's death in 1988. Their business and personal affairs throughout that time were commingled and were carried on the partnership books and records in what can best be described as an undifferentiated maze. Cleek was what amounted to the managing partner, but there was no evidence that the accounting practices or anything else in the relationship was used in bad faith or to cause plaintiff's disadvantage. At no time while the relationship was ongoing did plaintiff question the practices.

■  On appeal, plaintiff challenges three of the trial court's rulings: its determination of the partners' respective equity in the partnership; its refusal to impose a constructive trust on the Cleeks' home for the partnership's benefit; and its conclusion that a savings account at South Valley State Bank was one-half Cleek's personal property and one-half the partnership's, rather than being a partnership asset in its entirety.[2]

■  In regard to the first issue, the trial court said in a letter opinion:

"I might suggest that you will not find a mathematical certainty in the Findings I have made. As the trier of the facts I chose in most instances not to accept the evidence of either party as being most probably true, but from the entire record

---

[1] In CA A68062, Klenke brought an action to wind down the partnership, naming as defendant Della Cleek, the personal representative of his deceased partner. CA A68063 is a declaratory judgment action that Cleek brought against Klenke. It is unnecessary to differentiate in our discussion between the respective actions and the relief accorded in them. We will refer to Klenke as plaintiff, Della Cleek as defendant and her deceased husband as Cleek.

[2] Defendant argues that the appeal is "premature," because the court ordered the sale of partnership assets and a subsequent accounting that calls for further judicial supervision. The judgments fully adjudicate the rights and liabilities of the parties that have been contested by them, and any remaining judicial involvement is not essential to the determination of those issues. We conclude that we have jurisdiction. *See Multistate Tax Commission v. Dow Chemical Co.*, 295 Or 831, 834-35, 671 P2d 108 (1983), and cases there cited.

found facts which to me appeared to be more nearly consistent with the truth and equities concerning the various issues."

Our *de novo* review of the confusing and contradictory evidence about the partners' financial dealings leads us to concur in the trial court's findings regarding the partners' equity. *See Roesch v. Wachter*, 48 Or App 893, 895, 618 P2d 448 (1980). The issue turns largely on credibility, and the evidence preponderates in defendant's favor. Plaintiff's evidence concerning the partners' equity was produced and presented by an interested witness. Defendant's evidence essentially tracked the accounting records and practices that had, in fact, been used by the partnership over the years. Unorthodox as they were, the court was entitled to give them greater weight than the very different approach and result to which plaintiff's evidence would have led.

■ The constructive trust issue evolved from plaintiff's contention that Cleek had purchased the home with partnership funds. The court awarded plaintiff an offsetting judgment equal to the amount of money Cleek had obtained from the partnership in connection with the house purchase. Plaintiff, nevertheless, argues that he is entitled to the equitable remedy of a constructive trust, because ORS 68.130(2) provides that "property acquired with partnership funds is partnership property," unless a contrary intention is shown.

Even assuming the correctness of plaintiff's premise that a constructive trust would be appropriate if the house had been purchased by the partnership, the evidence showed that the funds given to Cleek for the purchase were treated as a partnership loan to Cleek. Hence, we find that defendant established an intention not to treat the house as a partnership asset.

■ Plaintiff's remaining assignment is that the court erred in holding that the entire balance of the savings account is not a partnership asset. We agree. The evidence was decisive that the sources of the account were partnership funds and a predecessor account that was treated on the records as a partnership asset.

In CA A68063, reversed and remanded with instructions to award the South Valley State Bank Account Number 180556438 to partnership and otherwise affirmed; affirmed in CA A68062.